■ Naomi Roscoe, Appellant, v Gerald Roscoe, Respondent. — Judgment, Supreme Court, New York County (Gomez, J.), entered April 27, 1981, which, *inter alia,* ordered defendant to pay plaintiff $450 per week for her support and maintenance, is unanimously modified, on the law and the facts and in the exercise of discretion, without costs, to the extent of increasing said amount to $550 per week, payable from the date of entry of this court's order. Based upon the 38-year duration of the parties' marriage, the parties' preseparation standard of living and their financial circumstances, we believe the directed increase in support to be appropriate (see *Kay v Kay,* 37 NY2d 632). Concur — Murphy, P. J., Birns, Ross, Lupiano and Fein, JJ.

■ Hotel Rutledge, Inc., Appellant, v Tax Commission of the City of New York, Respondent. — Order, Supreme Court, New York County (Mangan, J.), entered November 19, 1979, which confirmed the assessment on the appellant's subject real property for each of the five years (1973-1978) under review, reversed, on the law, and the matter remanded for findings of fact, without costs. The central factor relied on in presentation of appellant's case was the purchase by appellant of the property in May, 1977, approximately five months after the last prior taxable status date. The time of purchase is not, in our view, sufficiently remote from the period reviewed as to be unreliable for purposes of comparison. There is more than a hint in the city's presentation that that sale is unreliable on another score, i.e., not having been made in good faith or at arm's length. There is nothing of any moment to be found in the record on this score, one way or the other, nor were there findings of fact made at all by the trial court as required by subdivision 2 of section 720 of the Real Property Tax Law. (See *Matter of 50 Overlook Assoc. v Finance Administrator of City of N. Y.,* 72 AD2d 131.) In order to complete the record, the trial should be reopened to develop a record on this and any other question as yet unresolved, to be followed by the making and statement of appropriate findings. Concur — Murphy, P. J., Kupferman, Sullivan, Markewich and Lynch, JJ.